UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO ANZALDUA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-01325 |
| | § | |
| JPMORGAN CHASE BANK, NA, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files this Notice of Removal of this action from the 400th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On March 30, 2023, Plaintiff Francisco Anzaldua ("Plaintiff") filed an Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures (the "Complaint") in the 400th Judicial District Court of Fort Bend County, Texas, styled *Francisco Anzaldua v. JPMorgan Chase Bank, NA*, where it was assigned Cause No. 23-DCV-302684.

2. Defendant has not been served with a citation. Removal is timely because thirty days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding

that the thirty-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). In fact, less than thirty days have elapsed since Plaintiff filed the Complaint.

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 400th Judicial District Court of Fort Bend County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81, copies of all processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as Exhibit A. Defendant has also filed contemporaneously with this document a civil cover sheet.

## GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

(a) **The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff alleges JPMC failed to provide statutory notices prior to posting the real property located at 1116 Edgewood Dr, Richmond, Texas 77406 (the "Property") for foreclosure. Plaintiff seeks a declaratory judgment that the pending foreclosure is wrongful, and injunctive relief to restrain JPMC from transferring the Property and from proceeding with the foreclosure sale. *See* Ex. A-3 at ¶ 41 and Prayer.

7. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Advert.*

*Com'n*, 432 U.S. 333, 347 (1977)). Furthermore, when the right to property is in question, the value of the property determines the jurisdictional amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

8. According to the Fort Bend Central Appraisal District, the Property's market value is $229,716. *See* Ex. B. Plaintiff seeks to prevent JPMC from foreclosing on or transferring the Property; thus, the amount in controversy includes the value of the Property. Plaintiff also seeks to recover actual damages, economic damages, damages for lost time, mental anguish and emotional distress, damages for payment of excess or additional interest, consequential damages, exemplary damages, and attorney's fees. *See* Ex. A-3 at ¶¶ 21, 31-36, and Prayer. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) **Complete diversity between Plaintiff and Defendant exists.**

9. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is citizen of Texas.

10. A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Defendant, therefore, was at the time of filing, has been at all times since, and is still a citizen of Ohio.

11.     Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. pray that the above-described action now pending in the 400th Judicial District Court of Fort Bend County, Texas be removed to this Court.

Respectfully submitted,

 /s/ *Wm. Lance Lewis*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
RACHEL L. HYTKEN, of counsel
Texas Bar No. 24072163
S.D. Bar No. 1130996
**QUILLING, SELANDER, LOWNDS,**
 **WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    This is to certify that on April 10, 2023, a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

    Robert C. Newark, III
A NEWARK FIRM
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
robert@newarkfirm.com

                                             /s/ Rachel L. Hytken
                                             Rachel L. Hytken